**NOT FOR PUBLICATION**

FILED



JUN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC STEINMANN, an individual; DOLORES FRANCO, an individual, <br><br>      Plaintiffs-Appellants, <br><br> v. <br><br> ZTE CORPORATION, a company incorporated under the laws of the Peoples Republic of China; ZTE (USA), INC., a New Jersey corporation, <br><br>      Defendants-Appellees. | No. 16-55109 <br><br> D.C. No. 5:11-cv-01578-BRO-SP <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted June 8, 2017[**]
Pasadena, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and MURGUIA, Circuit Judges, and BOLTON,[***] District Judge.

Plaintiffs Eric Steinmann and Dolores Franco had a commercial dispute with ZTE Corporation and ZTE USA, Inc. (collectively, "ZTE"), and agreed to arbitrate some of their claims. Those claims included some urged by Plaintiffs in their individual capacities and some brought by entities that Plaintiff Steinmann controlled. The arbitrator issued a summary adjudication dismissing the individual claims. Thereafter, the parties arbitrated the entities' claims, which were resolved in ZTE's favor; that award was confirmed. Later, Plaintiffs moved to reopen their individual case to vacate the dismissal, and ZTE responded with a motion to confirm that award. The district court granted ZTE's motion to confirm the award dismissing the individual claims, and denied Plaintiffs' motion to vacate it. Plaintiffs timely appeal from the resulting final judgment.

When reviewing the confirmation of an arbitration award, we decide questions of law de novo and accept findings of fact that are not clearly erroneous. Coutee v. Barington Capital Grp., L.P., 336 F.3d 1128, 1132 (9th Cir. 2003). Plaintiffs argue that the award dismissing their individual claims is fatally infirm

---

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

2

under 9 U.S.C. § 10(a)(4) because the decision was inadequately reasoned.  We affirm.

Under the American Arbitration Association's International Centre for Dispute Resolution ("ICDR") Arbitration Rules governing the arbitration, Plaintiffs had an opportunity to ask the tribunal to interpret or correct the award.  ICDR art. 30(1) (2009).[1]  Under then-Article 25 of those rules, if a party knows that the arbitrator has not complied with any requirement of the rules, but proceeds with the arbitration without promptly objecting in writing, the party "shall be deemed to have waived the right to object."  ICDR art. 25 (2009); see also ICDR art. 28 (2014).  Plaintiffs knew of the alleged defect when the dismissal occurred, and they knew that they could ask the arbitrator to correct the defect; the entities even sought and received a correction to their own award at the end of the arbitration.  Plaintiffs nevertheless failed to request a clarification or correction to the award dismissing their individual claims.

Wholly apart from the specific waiver rule contained in the governing terms of this arbitration, it is well-settled that a plaintiff waives objections not brought before the arbitrators contemporaneously.  Wellman v. Writers Guild of Am., W.,

---

[1] The ICDR rules have since been amended, but the rule persists.  ICDR art. 33(1) (2014).

Inc., 146 F.3d 666, 669–70 (9th Cir. 1998); Marino v. Writers Guild of Am., E.,

Inc., 992 F.2d 1480, 1484 (9th Cir. 1993).  Because Plaintiffs failed to request a

reasoned decision from the arbitrator, they waived the right to challenge the

decision in federal court.

**AFFIRMED**.